## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40608

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2020

Lyle W. Cayce
Clerk

DONG SHENG HUANG,

      Plaintiff - Appellant

v.

JALEA JOECHELLE HILL; KAREA MARIE WILLIAMS; MURPHY OIL USA, INCORPORATED; MICHAEL WAYNE KELEMEN; RICHARD DRICKS; CITY OF LA MARQUE; RANDALL ARAGON; CHRISTINA BALVANTIN; 409 TOWING & RECOVERY,

      Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-269

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

On the evening of January 5, 2014, Appellant Don Sheng Huang cashed a lottery ticket at a gas station owned by Murphy Oil USA, Inc. (Murphy Oil), in La Marque, Texas, purchased a new ticket, and won $5.00. He viewed the redemption receipt to confirm the winning amount and received his $5.00. Huang then argued with the cashiers at the teller window, Jalea Hill and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40608

Karea Williams, over whether he could keep the player's copy receipt for the $5 ticket. The argument escalated, Williams shut the station's sliding window, and Huang called Murphy Oil customer service to complain. Huang did not leave, and the cashier called 911. Huang drove off, but then returned to the gas station to look for a receipt in the parking lot; he parked in front of the gas pump for about five minutes, then drove away. As Huang was leaving, Officer Michael Kelemen of the La Marque police department stopped him. Officer Kelemen questioned Huang, Hill, and Williams, and Officer Richard Dricks assisted during the investigation. Officer Kelemen then arrested Huang for criminal trespass, though Huang insisted during and after his arrest that Hill never asked him to leave. The Galveston County District Attorney pursued a case against Huang on the criminal trespass charge. Huang was acquitted after a jury trial.

Huang then filed this suit, pro se, bringing claims under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights, and Texas state law claims for false imprisonment and malicious prosecution. The defendants included: (1) Murphy Oil; (2) Hill and Williams; (3) Officers Keleman and Dricks; (4) Randall Aragon, the police chief; (5) the City of La Marque, Texas; (6) Christina Balvantin, a legal secretary for the Galveston County District Attorney's office who was the affiant on the complaint and information filed by the district attorney's office to charge Huang with criminal trespass; and (7) 409 Towing & Recovery, the company that towed Huang's car on the night of his arrest.

The district court dismissed Huang's suit against Chief Aragon, Officers Kelemen and Dricks, the City, Balvantin, and 409 Towing and Recovery. The court concluded that (1) Officers Kelemen and Dricks were entitled to qualified immunity, and Huang's claims against them were frivolous under 28 U.S.C. § 1915(e)(2)(b)(ii); (2) Huang's claim against 409 Towing & Recovery was

frivolous; (3) Huang failed to state a claim against Balvantin, and his claim against her was frivolous; and (4) Huang failed to state a claim against the City and Chief Aragon, and his suit against them was frivolous.  Huang's remaining claims for false imprisonment and malicious prosecution against Murphy Oil, Hill, and Williams proceeded to trial, and a jury found in favor of the defendants.

Huang raises several points of error on appeal.  We will address each in turn.

First, Huang argues that the district court erred in dismissing his claims against Chief Aragon, Officers Kelemen and Dricks, the City, Balvantin, and 409 Towing and Recovery.  We affirm those judgments for the reasons stated by that court.

Second, Huang argues that the district court erred in denying his pretrial motion for summary judgment against Murphy Oil, Hill, and Williams. We "will not review the pretrial denial of a motion for summary judgment where on the basis of a subsequent full trial on the merits final judgment is entered adverse to the movant." *Black v. J.I. Case Co.*, 22 F.3d 568, 570 (5th Cir. 1994) (footnote omitted).  Because Huang proceeded to trial against Murphy Oil, Hill, and Williams, and a final judgment was rendered in that case, the district court's denial of Huang's pretrial motion for summary judgment is not reviewable.

Third, Huang asserts that because of a multitude of errors[1] the district court erred in denying his motion for a new trial against Murphy Oil, Hill, and

---

[1] Huang claims, among other things, that he had inadequate time to review the jury charge and research and formulate objections, instructions in the jury charge were misleading and incomplete, the jury was confused because he testified on April 12, 2018, but was not cross-examined until the next day, that he had insufficient time in which to question potential jurors during voir dire, that the district court erred in denying his motion for contempt against various witnesses, and that the district court made various incorrect evidentiary rulings.

No. 18-40608

Williams. We affirm the district court's ruling. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). The responsibility of providing an adequate record on appeal falls to the party seeking review. FED. R. APP. PROC. 10. Here, the record on appeal does not contain the full trial transcript. In fact, the only portion of the transcript in the record on appeal containing trial testimony is an excerpt from the cross-examination of Huang. The discussions in the hearing transcripts reveal that several witnesses testified at the trial, including Officer Kelemen, Hill, Williams, and the district attorney who prosecuted Huang's criminal trespass case, among others. We have no record of their testimony. The district court stated repeatedly that "the record and the pleadings in this case speak for themselves" and the court explicitly "rel[ied] on the record for the basis for its ruling denying the motion for a new trial." Having neglected to provide a complete record to this court, Huang has precluded a thorough review of the entire trial proceedings and, therefore, we are unable to conclude "that prejudicial error has crept into the record or that substantial justice has not been done." *Streber*, 221 F.3d at 736.

Finally, Huang argues the district court committed several errors in its handling of his case, including denying him e-filing privileges, denying him leave to file a third amended complaint to add another party to the suit, denying his motion for sanctions based on opposing counsel's alleged violation of a confidentiality order, admitting his medical records into evidence for impeachment purposes, denying his motion to stay the issuance of final judgment pending this appeal, denying his request to seal allegedly confidential documents attached to his first amended complaint and a summary of the confidential materials, and certifying that any appeal taken

would not be in good faith and therefore denying him in forma pauperis status for the purposes of appeal. Huang also contends that the district court judge erred in refusing to recuse himself. We have reviewed these challenges to the extent the record is sufficient to do so, and we find no improper action on the part of the district court.

For the foregoing reasons, the judgment of the district court is AFFIRMED.